**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**
------------------------------------------------------------X
SHADEEQAH A. PADEN,

                **Civil Action number :19-cv-**

              Plaintiff,

vs.

                **NOTICE OF REMOVAL**

RANDY CODDINGTON, BLACKHAWK
TRANSPORT, INC., JOHN DOE (1-10), ABC CO.
(1-10) (fictitious names for person and entities as yet
identified),

              Defendants.
------------------------------------------------------------X

TO:    Robert S. Pfersich, Jr., Esq.
       The Grossman Law Firm, LLC
       Pinho Professional Center
       57 Schanck Road, Suite C-13
       Freehold, NJ 07728

     **PLEASE TAKE NOTICE**, that on this date, defendants RANDY CODDINGTON and

BLACKHAWK TRANSPORT, INC. by their undersigned counsel, have filed this Notice of

Removal pursuant to 28 U.S.C. §1446(a), in the office of the Clerk of the United States District

Court for the District of New Jersey.

     1.     Plaintiff SHADEEQAH A. PADEN instituted a lawsuit against defendants RANDY

CODDINGTON and BLACKHAWK TRANSPORT, INC. by filing a Complaint and Jury Demand

in the Superior Court of the State of New Jersey, Law Division, Middlesex County on or about

August 7, 2019 as a result of an alleged accident which occurred on or about January 3, 2018.  A

copy of the Complaint and Jury Demand is attached hereto as Ex A.

     2.     Upon information and belief, the Summons and Complaint were received by

defendant RANDY CODDINGTON on or about August 31, 2019.  Summons attached as Ex. B.

3.      Upon information and belief, the Summons and Complaint were received by defendant BLACKHAWK TRANSPORT, INC. on or about August 23, 2019.

4.      On September 24, 2019, the defendants RANDY CODDINGTON and BLACKHAWK TRANSPORT, INC. filed an answer to the plaintiff's complaint (Ex. C).

5.      There have been no other proceedings in this action.

6.      According to the plaintiff's Complaint (Ex. A), the plaintiff purports to be a citizen and resident of the State of New Jersey, residing in Woodbridge, Middlesex County.

7.      Defendant  RANDY CODDINGTON is a Texas resident, residing in Jefferson, Texas.

8.      Defendant  BLACKHAWK TRANSPORT, INC. is a Wisconsin corporation.

9.      In the First Count, paragraph 6 and Second Count, paragraph 6 of the plaintiff's Complaint, plaintiff SHADEEQAH A. PADEN alleged that, as a result of the subject accident, she was seriously and permanently injured, suffered and will in the future suffer great pain and mental anguish, was and will in the future be prevented from engaging her usual pursuits and occupations and was and will in the future be required to expend substantial sums of money for medical treatment in an effort to effect a cure for her injuries. *Please see* Ex. A.

10.     On August 20, 2019, the defendants served a request for a written Statement of Damages claimed on the plaintiff's counsel (Ex. D).

11.     On September 25, 2019, the plaintiff's counsel served a response to the defendants' request for a written Statement of Damages claimed, indicating damages in the amount of $1,000,000 (Ex. E).

12.     Based upon the plaintiff's response to the defendants' request for a written Statement of Damages claimed and the language set forth in the plaintiff's Complaint, the matter in controversy

exceeds $75,000, exclusive of interest and costs.

13.     Jurisdiction over the subject matter of this action is conferred on this Court by 28

U.S.C. §1441(a).

14.     Jurisdiction in this Court is proper pursuant to 28 U.S.C. §1332 and 28 U.S.C. §1441

in that the parties are of complete diversity of citizenship, the amount in controversy exceeds

$75,000 exclusive of interest and costs.

15.     This Notice is filed with this Court within 30 days of defendants' receipt "through

service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which

such action or proceeding is based," as provided by 28 USC §1446(b).

**PLEASE TAKE FURTHER NOTICE**, that the defendants, upon filing the Notice of

Removal in the office of the Clerk of the United States District Court for the District of New Jersey,

have also filed copies of the Notice with the Clerk of the Superior Court of New Jersey, Law

Division, Middlesex County Courthouse, 56 Paterson St., New Brunswick, NJ 08903-0964, to effect

removal of this action to the United States District Court pursuant to 28 U.S.C. §1446(b).

Dated: October 16, 2019

> LAW OFFICES OF LORNE M. REITER, LLC
> Attorneys for defendants
> RANDY   CODDINGTON   and   BLACKHAWK
> TRANSPORT, INC.
> 124 First Avenue
> Atlantic Highlands, New Jersey 07716
> 732-747-9555

BY: _____

LORNE M. REITER

Ex. A

Scott D. Grossman #025771997
**THE GROSSMAN LAW FIRM, LLC**
**PINHO Professional Center**
**57 Schanck Road, Suite C-13**
**Freehold, NJ 07728**
**(732) 625-9494**
**Attorneys for Plaintiff**
**Shadeeqah A. Paden**

| | |
|---|---|
| **SHADEEQAH A. PADEN,** | SUPERIOR COURT OF NEW JERSEY |
| | LAW DIVISION:  MIDDLESEX COUNTY |
| **Plaintiff,** | DOCKET NO.: |
| **vs.** | |
| | Civil Action |
| **RANDY CODDINGTON,** | |
| **BLACKHAWK TRANSPORT INC.,** | **COMPLAINT, JURY DEMAND,** |
| **JOHN DOE (1-10), ABC CO. (1-10),** | **DESIGNATION OF TRIAL COUNSEL,** |
| (fictitious names for persons and entities | **CERTIFICATION R. 4:5-1(b)(2),** |
| as yet unidentified). | **CERTIFICATION R. 4:5-1(b)(3),** |
| | **DEMAND FOR DISCOVERY** |
| **Defendants.** | |

Plaintiff, SHADEEQAH PADEN, residing in Woodbridge Township, County of Middlesex, State of New Jersey, complaining of the above Defendants, says:

## FIRST COUNT

1.      On or about January 3, 2018, Plaintiff, SHADEEQAH PADEN, was the owner and operator of a motor vehicle traveling south on I-287 in Piscataway Township, County of Middlesex, State of New Jersey.

2.      At the aforesaid time and location, Defendant, RANDY CODDINGTON, was the operator of a tractor trailer truck owned by Defendant, BLACKHAWK TRANSPORT, INC., which was traveling south on I-287 in Piscataway Township, to the left of Plaintiff's host vehicle.

3.      At the aforesaid time and location, Defendant, RANDY CODDINGTON, failed to maintain proper control of the tractor trailer unit thereby resulting in sudden, unexpected and violent impact between Defendant's vehicle and the Plaintiff's host vehicle.

4.     At all times material hereto, Defendant, RANDY CODDINGTON, operated the tractor trailer unit in such a negligent and careless manner so as to cause Defendant's vehicle to collide with the Plaintiff's host vehicle.

5.     The negligent and careless conduct of Defendant, RANDY CODDINGTON, consisted inter alia, of the following:

 (a)  failing to make proper observations;

 (b)  failing to maintain proper control of his automobile;

 (c)  operating an automobile in violation of N.J.S.A. 39:4-97;

 (d)  being otherwise negligent and careless under the circumstances; and

 (e) such other acts of negligence and carelessness as may be revealed through discovery and/or at the time of Trial.

6.     As a direct and proximate result of Defendant's negligence in causing the automobile collision as aforesaid, Plaintiff, SHADEEQAH A. PADEN, was seriously and permanently injured, suffered and will in the future suffer great pain and mental anguish, was and will in the future be prevented from engaging in her usual pursuits and occupations, and was and will in the future be required to expend substantial sums of money for medical treatment in effort to effect a cure for her said injuries.

7.     JOHN DOE (1-10), said names being fictitious, are named as Defendants herein and intended to represent any individual(s), whose identity(ies) is/are presently unknown to Plaintiff, whom may have caused or contributed to the negligence leading up to the subject collision, or may be otherwise liable to Plaintiff for payment of damages resulting from the negligence and/or recklessness of others.

8.     ABC CO. (1-10) said names being fictitious, are named as Defendants herein and intended to represent and company(ies), partnership(s), corporation(s), or other business entity(ies), whose identity(ies) is/are presently unknown to Plaintiff, whom may have may have caused or

contributed to the negligence leading up to the subject collision, or may be otherwise liable to Plaintiff for payment of damages resulting from the negligence and/or recklessness of others.

**WHEREFORE,** Plaintiff, SHADEEQAH A. PADEN, demands judgment against the Defendants, RANDY CODDINGTON, BLACKHAWK TRANSPORT, INC., JOHN DOE (1-10) and ABC CO. (1-10), individually, jointly and/or severally for damages, together with interest and costs of suit.

## SECOND COUNT

1.      Plaintiff repeats the allegations contained in the First Count of the Complaint as if set forth at length herein.

2.      Upon information and belief, at the time of the subject motor vehicle collision, Defendant, RANDY CODDINGTON, was an agent, servant and/or an employee of Defendant, BLACKHAWK TRANSPORT, INC., acting within the course and scope of his employment.

3.      Pursuant to the legal doctrine of *Respondeat Superior*, the Defendant, BLACKHAWK TRANSPORT, INC., is legally responsible for the negligent and/or careless acts of its agent, servant and/or employee, Defendant, RANDY CODDINGTON, while performing his work-related duties.

4.      The injuries, harm, and damages were incurred by the Plaintiff as a result of the use of a tractor trailer unit by Defendant, RANDY CODDINGTON, in a negligent, and careless manner, which because of inexperience and prior actions, Defendant, BLACKHAWK TRANSPORT, INC., knew, or reasonably should have known, was likely to pose an unreasonable risk of harm to others.

5.      Defendant, BLACKHAWK TRANSPORT, INC., as the registered owner of the tractor trailer unit involved in the subject collision and employer of Defendant, RANDY

CODDINGTON, possessed legal authority to permit and/or prohibit the Defendant, RANDY CODDINGTON, operation of the tractor trailer unit.

6.     As a direct and proximate result of Defendant, BLACKHAWK TRANSPORT, INC., negligently entrusting Defendant, RANDY CODDINGTON, who operated said tractor trailer unit for the business pursuits of BLACKHAWK TRANSPORT, INC., in a negligent and careless manner, the Plaintiff was seriously and permanently injured, suffered and will in the future suffer great pain and mental anguish, was and will in the future be prevented from engaging in her usual pursuits and occupations, and was and will in the future be required to expend substantial sums of money for medical treatment in effort to effect a cure for her said injuries.

**WHEREFORE,** Plaintiff, SHADEEQAH A. PADEN, demands judgment against the Defendants, RANDY CODDINGTON, BLACKHAWK TRANSPORTATION, INC, JOHN DOE (1-10) and ABC CO. (1-10), individually, jointly and/or severally for damages, together with interest and costs of suit.

### JURY DEMAND

Plaintiffs hereby demand a trial by jury as to all issues.

### DESIGNATION OF TRIAL COUNSEL

The undersigned attorney for Plaintiffs hereby designates SCOTT D. GROSSMAN as trial counsel herein.

### CERTIFICATION PURSUANT TO R. 4:5-1(b)(2)

The undersigned attorney for the Plaintiff, SHADEEQAH A. PADEN, hereby certifies that the within matter is not the subject of any other action or arbitration proceeding pending or contemplated, nor are there any other parties known to Plaintiff who should be joined in this proceeding.

## CERTIFICATION PURSUANT TO R. 4:5-1(b)(3)

The undersigned attorney for Plaintiff, SHADEEQAH A. PADEN, hereby certifies that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with Rule 1:38-7(b).

**THE GROSSMAN LAW FIRM, LLC**
Attorneys for Plaintiff
SHADEEQAH A. PADEN

Dated: August 6, 2019      SCOTT D. GROSSMAN

## DEMAND FOR DISCOVERY

The undersigned attorney for the Plaintiff hereby demands that the Defendants provide answers to Uniform Interrogatories C and C (1) in the time period and the manner provided by the Rules of Court.

## DEMAND FOR DISCOVERY OF INSURANCE COVERAGE

The undersigned attorney for the Plaintiff SHADEEQAH A. PADEN, demands that proof of all insurance which may extend coverage to the Defendant(s) for the subject incident and the limits of said coverage be furnished to Plaintiffs' counsel within ten (10) days of the date hereof.

## DEMAND FOR PRODUCTION OF DOCUMENTS

**PLEASE TAKE NOTICE** that pursuant to R.4:18-1, Plaintiff demands the production for purposes of inspection and copying at the offices of The Grossman Law Firm LLC, within 60 days after service within pleadings, of the following items pertaining to the allegations of this Complaint:

1.      All written statements which you, or your counsel, have in your possession, custody, or control in regard to this incident/accident.

2.      Copies of all photographs, videotapes or other reproductions which you have in your possession, custody, or control which relate, in any manner, to the incident, to the injuries which

Ex. B

## SUMMONS

| | |
|---|---|
| Attorney(s) | Scott D. Grossman, Esq. #025771997 |
| Office Address | PINHO Professional Center |
| | 57 Schanck Road, C-13 |
| Town, State, Zip Code | Freehold, NJ 07728 |
| Telephone Number | (732) 625-9494 |
| Attorney(s) for Plaintiff | Shadeeqah A. Paden |

SHADEEQAH A. PADEN,

**Superior Court of
New Jersey**

| | |
|---|---|
| Middlesex | COUNTY |
| Law | DIVISION |

Docket No: MID-L-5753-19

Plaintiff(s)

Vs.

RANDY CODDINGTON, BLACKHAWK TRANSPORT, INC.,

JOHN DOE (1-10), ABC CO. (1-10), (fictitious names for perso

Defendant(s)

**CIVIL ACTION
SUMMONS**

From The State of New Jersey To The Defendant(s) Named Above:

The plaintiff, named above, has filed a lawsuit against you in the Superior Court of New Jersey. The complaint attached to this summons states the basis for this lawsuit. If you dispute this complaint, you or your attorney must file a written answer or motion and proof of service with the deputy clerk of the Superior Court in the county listed above within 35 days from the date you received this summons, not counting the date you received it. (A directory of the addresses of each deputy clerk of the Superior Court is available in the Civil Division Management Office in the county listed above and online at http://www.judiciary.state.nj.us/pro se/10153_deptyclerklawref.pdf.) If the complaint is one in foreclosure, then you must file your written answer or motion and proof of service with the Clerk of the Superior Court, Hughes Justice Complex, P.O. Box 971, Trenton, NJ 08625-0971. A filing fee payable to the Treasurer, State of New Jersey and a completed Case Information Statement (available from the deputy clerk of the Superior Court) must accompany your answer or motion when it is filed. You must also send a copy of your answer or motion to plaintiff's attorney whose name and address appear above, or to plaintiff, if no attorney is named above. A telephone call will not protect your rights; you must file and serve a written answer or motion (with fee of $175.00 and completed Case Information Statement) if you want the court to hear your defense.

If you do not file and serve a written answer or motion within 35 days, the court may enter a judgment against you for the relief plaintiff demands, plus interest and costs of suit. If judgment is entered against you, the Sheriff may seize your money, wages or property to pay all or part of the judgment.

If you cannot afford an attorney, you may call the Legal Services office in the county where you live or the Legal Services of New Jersey Statewide Hotline at 1-888-LSNJ-LAW (1-888-576-5529). If you do not have an attorney and are not eligible for free legal assistance, you may obtain a referral to an attorney by calling one of the Lawyer Referral Services. A directory with contact information for local Legal Services Offices and Lawyer Referral Services is available in the Civil Division Management Office in the county listed above and online at http://www.judiciary.state.nj.us/prose/10153_deptyclerklawref.pdf.

*Michelle M. Smith*
Clerk of the Superior Court

DATED: _____ 08/21/2019

Name of Defendant to Be Served: Randy Coddington

Address of Defendant to Be Served: 909 FM 729, Apt., Jefferson, TX 75657

Revised 11/17/2014, CN 10792-English (Appendix XII-A)

Ex. C

LAW OFFICES OF LORNE M. REITER, LLC
Attorney ID No.: 002011996
124 First Avenue
Atlantic Highlands, New Jersey 07716
(732) 747-9555
Attorneys for Defendants
Randy Coddington and Blackhawk Transport Inc.

---------------------------------------------------------------x

| | |
|---|---|
| SHADEEQAH A. PADEN, | SUPERIOR COURT OF NEW JERSEY |
| | LAW DIVISION-MIDDLESEX COUNTY |
| Plaintiff, | |
| | DOCKET NO. MID-L-5753-19 |
| vs. | |
| | CIVIL ACTION |
| RANDY CODDINGTON, BLACKHAWK TRANSPORT, INC., JOHN DOE (1-10), ABC CO. (1-10) (fictitious names for person and entities as yet identified), | **ANSWER WITH JURY DEMAND** |
| Defendants. | |

---------------------------------------------------------------x

TO:    Robert S. Pfersich, Jr., Esq.
       The Grossman Law Firm, LLC
       Pinho Professional Center
       57 Schanck Road, Suite C-13
       Freehold, NJ 07728

The defendants, RANDY CODDINGTON and BLACKHAWK TRANSPORT, INC., by their attorneys, LAW OFFICES OF LORNE M. REITER, LLC, as and for their Answer with Jury Demand to the plaintiff's Complaint, allege upon information and belief as follows:

## AS AND FOR THE FIRST COUNT

1.     The answering defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "1" of the First Count of the Complaint.

2.     The answering defendants deny the allegations contained in paragraph "2" of the First Count of the Complaint.

3.     The answering defendants deny the allegations contained in paragraph "3" of the First Count of the Complaint.

4.     The answering defendants deny the allegations contained in paragraph "4" of the First Count of the Complaint.

5.     The answering defendants deny the allegations contained in paragraph"5" of the First Count of the Complaint.

6.    The answering defendants deny the allegations contained in paragraph "6" of the First Count of the Complaint.

7.    The answering defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "7" of the First Count of the Complaint.

8.    The answering defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "8" of the First Count of the Complaint.

## AS AND FOR THE SECOND COUNT

1.    The answering defendants repeat, reiterate and reallege the answers to the allegations contained in the First Count of the Complaint.

2.    The answering defendants admit the allegations contained in paragraph "2" of the Second Count of the Complaint.

3.    The answering defendants deny the allegations contained in paragraph "3" of the Second Count of the Complaint.

4.    The answering defendants deny the allegations contained in paragraph "4" of the Second Count of the Complaint.

5.    The answering defendants deny the allegations contained in the form alleged in paragraph "5" of the Second Count of the Complaint as the plaintiff did not define the term "possessed legal authority," respectfully referring all questions of law and fact to the triers thereof.

6.    The answering defendants deny the allegations contained in paragraph "6" of the Second Count of the Complaint.

## AS AND FOR THE DEFENDANTS' AFFIRMATIVE DEFENSES

### FIRST SEPARATE DEFENSE

Negligence, if any, on the part of the answering defendants was not the proximate cause of any injuries which may have been sustained by the plaintiff.

### SECOND SEPARATE DEFENSE

Damages or injuries, if any, sustained by the plaintiff were the result of actions of third parties, agencies or instrumentalities over whom the defendants exercised no control.

### THIRD SEPARATE DEFENSE

Damages, if any, were the result of the sole negligence of the plaintiff SHADEEQAH A. PADEN.

### FOURTH SEPARATE DEFENSE

Plaintiff's claims are barred or, at the very least, the damages to which they are entitled are reduced by virtue of the doctrine of comparative negligence and the New Jersey Comparative Negligence Act, *N.J.S.A.* 2A:15-5.1 et seq.

### FIFTH SEPARATE DEFENSE

Plaintiff's claims are barred or at the very least, plaintiff's damages must be reduced, by virtue of the Doctrine of Avoidable Consequences.

### SIXTH SEPARATE DEFENSE

Plaintiff's claims are barred by the Doctrine of Assumption of the Risk.

### SEVENTH SEPARATE DEFENSE

The answering defendants were not negligent.

### EIGHTH SEPARATE DEFENSE

The Complaint fails to state a cause of action for which relief may be granted.

### NINTH SEPARATE DEFENSE

Plaintiff failed to mitigate her damages.

### TENTH SEPARATE DEFENSE

Plaintiff's causes of action are barred by the equitable doctrines of laches and estoppel.

### ELEVENTH SEPARATE DEFENSE

Damages, if any, sustained by the plaintiff was not the foreseeable result of any actions and/or inactions of the answering defendants.

### TWELFTH SEPARATE DEFENSE

The Court herein lacks personal jurisdiction over the answering defendants as they were not properly served with the Complaint.

### THIRTEENTH SEPARATE DEFENSE

The negligence and/or contributory negligence of plaintiff SHADEEQAH A. PADEN was the sole and/or proximate cause of the alleged accident.

### FOURTEENTH SEPARATE DEFENSE

Damages sustained by the plaintiff, if any, were the result of an unavoidable accident over which the answering defendants had no control.

### FIFTEENTH SEPARATE DEFENSE

The damages sustained by the plaintiff, if any, were due to an act of God.

### SIXTEENTH SEPARATE DEFENSE

The negligence and/or contributory negligence of plaintiff SHADEEQAH A. PADEN was greater than the negligence of the answering defendants, although the defendants deny negligence.

### SEVENTEENTH SEPARATE DEFENSE

The answering defendants breached no duty owed to the plaintiff.

### EIGHTEENTH SEPARATE DEFENSE

Plaintiff's Complaint is barred in whole or in part by the provisions of the New Jersey Automobile Reparations Act, *N.J.S.A. 39:6A-1, et seq.*

### NINETEENTH SEPARATE DEFENSE

If the answering defendants are found to be negligent, which negligence is denied, plaintiff SHADEEQAH A. PADEN's negligence was greater than the negligence of the answering defendants and the plaintiff is therefore barred from recovery.

### TWENTIETH SEPARATE DEFENSE

Plaintiff SHADEEQAH A. PADEN's failure to employ the available seatbelts either caused or enhanced her damages, and her recovery, if any, should be barred by her failure to wear a seatbelt in violation of *N.J.S.A. 39:3-76.2f.*

### RESERVATION OF RIGHTS - FRIVOLOUS ACTION

The answering defendants hereby reserve the right to file an action based upon the provisions of *N.J.S.A.* 2A:15-59.1.

### JURY DEMAND

Defendants hereby demand a Trial by Jury of all justiciable issues herein.

### RULE 4:5-1 CERTIFICATION

I hereby certify, upon information and belief, that the matter in controversy is not the subject

of any other litigation.

## DESIGNATION OF TRIAL COUNSEL

Pursuant to R. 4:25-4, attorney Lorne M. Reiter, Esq., of the firm of LAW OFFICES OF LORNE M. REITER, LLC, is hereby designated as trial counsel.

## CERTIFICATION OF TIMELY FILING

I hereby certify that a copy of the within Answer to the Complaint was duly filed and served within the time prescribed by the Rules of Court.

**WHEREFORE**, the answering defendants RANDY CODDINGTON and BLACKHAWK TRANSPORT, INC., demand judgment dismissing the plaintiff's Complaint, together with costs, attorneys' fees and disbursements.

Dated: September 24, 2019

LAW OFFICES OF LORNE M. REITER, LLC
Attorneys for Defendants
Randy Coddington and Blackhawk Transport Inc.

BY: _____
    LORNE M. REITER

Ex. D

## LAW OFFICES OF LORNE M. REITER, LLC
124 FIRST AVENUE
ATLANTIC HIGHLANDS, NEW JERSEY 07716

TEL. (732) 747-9555
FAX (732) 626-6800

LORNE M. REITER *

LAURA C. JOHNSON +
VANESSA L. KOPPEL ^
KAREN K. HAHN ^
SHARON B. MORELAND #

* ADMITTED NEW YORK & NEW JERSEY
+ ADMITTED NEW JERSEY & COLORADO
^ ADMITTED NEW JERSEY
# ADMITTED NEW YORK, NEW JERSEY &
MASSACHUSETTS

NEW YORK OFFICE

14 WALL STREET, 20TH FLOOR
NEW YORK, NY 10005
(212) 222-0955
(212) 202-4784 FAX

lreiter@lreiterlaw.com

August 20, 2019

scott@grossmanjustice.com

Scott D. Grossman, Esq.
THE GROSSMAN LAW FIRM, LLC
PINHO Professional Center
57 Schanck Road, Suite C-13
Freehold, NJ 07728

   Re: Shadeeqah A. Paden v. Randy Coddington and Blackhawk Transport Inc.
     Our File Number: 001-0751-SPJ
     Date of Loss: January 3, 2018

Dear Mr. Grossman:

  Our office represents the defendants Randy Coddington and Blackhawk Transport Inc. with respect to the above-captioned matter.

  We hereby demand that plaintiff serve upon us, within five (5) days from the date of service hereof, a written Statement of Damages claimed, pursuant to Rule 4:5-2.

       Very truly yours,

       LORNE M. REITER

LMR:lms

Ex. E

Robert S. Pfersich, Jr. #024392019
THE GROSSMAN LAW FIRM, LLC
PINHO Professional Center
57 Schanck Road, Suite C-13
Freehold, NJ 07728
(732) 625-9494
Attorneys for Plaintiff
Shadeeqah A. Paden

| | |
|---|---|
| SHADEEQAH A. PADEN, | SUPERIOR COURT OF NEW JERSEY |
| | LAW DIVISION: MIDDLESEX COUNTY |
| Plaintiff, | DOCKET NO.: MID-L-5753-19 |
| vs. | |
| | Civil Action |
| RANDY CODDINGTON, | |
| BLACKHAWK TRANSPORT INC., | STATEMENT OF DAMAGES |
| JOHN DOE (1-10), ABC CO. (1-10), | PURSUANT TO R. 4:5-2 |
| (fictitious names for persons and entities | |
| as yet unidentified). | |
| | |
| Defendants. | |

TO:   Lorne M. Reiter, Esq.
      Law Offices of Lorne M. Reiter, LLC
      124 First Avenue
      Atlantic Highlands, NJ 07716
      Attorneys for Defendants,
      Randy Coddington and Blackhawk Transp. Inc.

Pursuant to Defendants' request for a written Statement of Damages in accordance with

R. 4:5-2, Plaintiff, SHADEEQUAH A. PADEN, hereby demands the sum of One Million

Dollars ($1,000,000.00) as settlement of the within matter.

                          THE GROSSMAN LAW FIRM, LLC
                          Attorneys for Plaintiff,
                          SHADEEQAH A. PADEN

Dated: September 25, 2019
                          ROBERT S. PFERSICH, JR.

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**
-------------------------------------------------------------X
SHADEEQAH A. PADEN,

                     CIVIL ACTION NO.:

              Plaintiff,

vs.

                     **CERTIFICATION OF SERVICE**

RANDY CODDINGTON, BLACKHAWK
TRANSPORT, INC., JOHN DOE (1-10), ABC CO.
(1-10) (fictitious names for person and entities as yet
identified),

              Defendants.
-------------------------------------------------------------X

       LORNE M. REITER, ESQ. certifies as follows:

       1.     I am an attorney duly admitted to practice before this Honorable Court, and I hereby

affirm the truth of the following statements under the penalty of perjury.

       2.     I am a member with the law firm of LAW OFFICES OF LORNE M. REITER, LLC,

attorneys for the defendants RANDY CODDINGTON and BLACKHAWK TRANSPORT, INC.

and, as such, I am fully familiar with the facts set forth herein.

       3.     On this date, I served copies of the within Notice of Removal upon the plaintiff in this

action by mailing same via First Class Mail from 124 First Avenue, Atlantic Highlands, New Jersey

07716 addressed to the plaintiff's attorney, Robert S. Pfersich, Jr., Esq., The Grossman Law Firm,

LLC, Pinho Professional Center, 57 Schanck Road, Suite C-13, Freehold, NJ 07728.

       4.     Further, on this date, I caused a copy of the Notice of Removal to be filed with the

Clerk of the Superior Court of New Jersey, Law Division, Middlesex County Courthouse, 56

Paterson St., New Brunswick, NJ 08903-0964

       5.     Pursuant to 28 U.S.C. §1746, I affirm under penalty of perjury that the foregoing is

true and correct.

Dated: October 16, 2019

> LAW OFFICES OF LORNE M. REITER, LLC
> Attorneys for defendants
> RANDY   CODDINGTON   and   BLACKHAWK
> TRANSPORT, INC.
> 124 First Avenue
> Atlantic Highlands, New Jersey 07716
> 732-747-9555

BY: _____

LORNE M. REITER